2011 UT App 376

**Michelle L. HANSEN, Petitioner,**

v.

**LABOR COMMISSION, Durham Care, and Uninsured Employers' Fund, Respondents.**

No. 20110692–CA.

Court of Appeals of Utah.

Nov. 3, 2011.

Aaron J. Prisbrey and Elizabeth B. Grimshaw, St. George, for Petitioner.

Sharon J. Eblen, Salt Lake City, for Respondent Uninsured Employers' Fund.

Before Judges DAVIS, McHUGH, and ROTH.

DECISION

PER CURIAM:

¶ 1 Michelle L. Hansen seeks review of the Labor Commission's July 14, 2011 order setting aside the Administrative Law Judge's (ALJ) decision and remanding the matter to the ALJ for proceedings consistent with the Labor Commission's order. This matter is before the court on the Uninsured Employers Fund's (UEF) motion for summary disposition based upon lack of jurisdiction.

¶ 2 The court of appeals has jurisdiction over petitions for judicial review of the final orders and decrees resulting from formal proceedings of state agencies, with excep-

tions not applicable to this case. *See* Utah Code Ann. § 78A–4–103(2)(a) (2008). The Utah Administrative Procedures Act limits the right to judicial review to those circumstances where a petitioner has first exhausted available administrative remedies. *See id.* § 63G–4–401(2); *see also Housing Auth. of Cnty. of Salt Lake v. Snyder*, 2002 UT 28, ¶ 11, 44 P.3d 724 (" '[P]arties must exhaust applicable administrative remedies as a prerequisite to seeking judicial review.' ... Where this precondition to suit is not satisfied, courts lack subject matter jurisdiction." (citation omitted)).

¶ 3 Hansen admits that she has not exhausted her administrative remedies. However, she asserts that she was not required to exhaust her administrative remedies in this case because the Labor Commission acted outside the scope of its authority. *See Salt Lake City Mission v. Salt Lake City*, 2008 UT 31, ¶ 11, 184 P.3d 599 (setting forth exceptions to the exhaustion of remedies requirement including where "an administrative agency or officer has acted outside of the scope of its defined, statutory authority"). More specifically, Hansen argues that the Labor Commission exceeded its authority by effectively reopening a prior proceeding in which causation was established when it remanded the matter to the ALJ. We disagree.

¶ 4 Hansen filed a claim after UEF refused to pay for certain medical treatments that it believed were not related to Hansen's disability claim, which had been adjudicated as a result of a prior claim. The ALJ held an evidentiary hearing and issued a ruling. UEF appealed that ruling. After reviewing the record, the Labor Commission set aside the ALJ's ruling because it did not believe that the record supported the ALJ's findings.[1] Accordingly, the Labor Commission required the ALJ to conduct a new evidentiary hearing for the purpose of determining if UEF was required to pay for the medical treatments at issue in Hansen's claim. Such actions are within the authority of the Labor Commission. Contrary to Hansen's assertions, the Labor Commission made no final

determinations concerning Hansen's claim nor did it reopen the previous administrative case in which Hansen was initially granted certain disability benefits.

¶ 5 Accordingly, the petition for review is dismissed without prejudice.

---

**1.** This court notes its concern that it took the Labor Commission over three years to rule on the appeal from the ALJ's ruling. Such a delay is unfair to all of the parties involved.